# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN W. MAYBERG, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01890-DLB PC<br><br>ORDER DISREGARDING MOTION (DOC. 2) AS MOOT<br><br>ORDER GRANTING MOTIONS (DOCS. 22, 25) TO FILE REPLY AND ADDENDUM<br><br>ORDER DENYING MOTION (DOC. 15) FOR PRELIMINARY INJUNCTION |

**Order**

I. **Background**

Plaintiff Lawtis Donald Rhoden ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint against Defendants Stephen W. Mayberg, director of the Department of Mental Health, Cynthia Radavsky, and Pam Ahlin, director of Coalinga State Hospital, for violating the Due Process Clause of the Fourteenth Amendment. Pending before the Court is Plaintiff's motion for preliminary injunction, filed March 8, 2010.[1] On April 12, 2010, Defendants filed their opposition. On April 26, 2010, Plaintiff filed his reply, and on April 29, 2010, Plaintiff filed an addendum to his reply. (Docs. 23, 26.)[2] This matter is submitted

---

[1] Plaintiff's motion is also filed as a temporary restraining order. Because Defendants were served with and filed a response to the motion, the Court will construe the motion as one for a preliminary injunction.
    Plaintiff filed a previous motion for a preliminary injunction on October 28, 2009. (Doc. 2.) Because Plaintiff has filed a new amended motion for a preliminary injunction, the Court will disregard the October 28, 2009 motion as moot.

[2] The Court will accept Plaintiff's reply and addendum as timely, and GRANT Plaintiff's motions for filing a reply and addendum.

1

pursuant to Local Rule 230(l).

## II. Motion For Preliminary Injunction

### A. Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.*

### B. Analysis

Plaintiff is currently detained at Coalinga State Hospital ("CSH") pursuant to California Welfare and Institution Code section 6600, et seq., also known as the Sexually Violent Predator Act. Plaintiff is in the custody of the California Department of Mental Health ("DMH") pending his Sexually Violent Predator hearing. Plaintiff's action concerns a prospective deprivation of property. Plaintiff contends that he was granted the right to own and use a personal laptop computer. Plaintiff contends that a new department regulation would deprive Plaintiff of possession of his laptop computer. Plaintiff contends that this will be done no later than May 30, 2010, and seeks a preliminary injunction to prevent the deprivation of his laptop. Defendants oppose.[3]

#### 1. Likelihood of Success On The Merits

Plaintiff contends that once he was granted the privilege of purchasing and owning a laptop, Defendants cannot arbitrarily deny him his laptop later. (Reply 10.) Plaintiff contends

---

[3] Defendants contend that this case is related to other cases in this district concerning other civil detainees and the deprivation of laptops. *See George Allen v. Mayberg, et al.*, 1:06-cv-01801-BLW (E.D. Cal.). Those cases, however, concern a prior proposed order to deprive civil detainees of access to laptops, which was never implemented. This action concerns a second proposed order, which appears to be in the process of implementation.

that such deprivation violates the Fourteenth Amendment due process right of owning property. Plaintiff and Defendants submit as exhibit a Memorandum authored by Defendant Ahlin, dated February 25, 2010. (Doc. 21, Exh. A, DMH Memorandum.)[4]  Defendants contend that this motion is not ripe for adjudication, and that Plaintiff lacks standing. (Opp'n 4:19-5:12.)

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing contains three elements: (1) plaintiff must have suffered an injury in fact, an invasion of a legally protected interest which is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) a causal connection must exist between the injury and the conduct complained of; and (3) it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Id.* at 560-61 (citations and quotations omitted).

Title 9, Section 4350 of the California Code of Regulations provides:

> Electronic devices with the capability to connect to a wired (for example, Ethernet, Plain Old Telephone Service (POTS), Fiber Optic) and/or a wireless (for example, Bluetooth, Cellular, Wi-Fi [802.11a/b/g/n], WiMAX) communications network to send and/or receive information are prohibited, including devices without native capabilities that can be modified for network communication. The modification may or may not be supported by the product vendor and may be a hardware and/or software configuration change. Some examples of the prohibited devices include desktop computers, laptop computers, cellular phones, electronic gaming devices, personal digital assistant (PDA), graphing calculators, and radios (satellite, shortwave, CB and GPS).

As of the time of Plaintiff's preliminary injunction motion, filed March 8, 2010, a determination of what items are contraband had yet to occur. Plaintiff in his reply states that his laptop has been disabled to any communications and Internet capability or access. (Doc. 23, Reply ¶ 3.) Thus, it is uncertain whether Plaintiff's personal laptop would qualify as contraband since it would not be able to access the internet. Plaintiff has not met his burden to demonstrate

---

[4] The memorandum's purpose is to clarify the timeline for implementation of Regulation 4350, Contraband Electronic Devices with Communication and Internet Capabilities. *See* Cal. Code Regs. tit. 9, § 4350 (Deering 2010). Between March 1 and March 31, 2010 all electronic devices owned by individuals would be inventoried. (Exh A, DMH Memorandum.) Between April 1 and April 15, 2010, DMH IT staff would determine which electronic devices fit the criteria of contraband as outlined in Regulation 4350. (*Id.*) Between May 1 and May 30, 2010, individuals in possession of contraband items would have three options: store as patient property until discharge, mail out at the hospital's expense, or dispose of the item. (*Id.*)

that the taking of his laptop is anything but hypothetical at this time.  Thus, Plaintiff lacks standing regarding his motion.

This matter is also not ripe for review.  The ripeness doctrine prevents premature adjudication. The purpose is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenged parties." *Association of Am. Med. Colleges v. United States*, 217 F.3d 770, 779 (9th Cir. 2000) (citation and quotations omitted).  Here, the decision has not been fully implemented.  It would be premature for the Court to act at this time.[5]

## 2. Irreparable Harm

Plaintiff also fails to demonstrate irreparable harm if deprived of his personal laptop. Plaintiff contends that he has three civil rights cases currently pending in federal court, and assists his attorney in defense preparation for his SVP hearing.  (Mot. 4:1-10.)  Plaintiff contends that he uses his laptop approximately three to ten hours per day, seven days a week.  (Reply ¶ 16, ¶ 18, ¶ 20.)  Plaintiff contends that he cannot possibly continue to adequately litigate and prosecute his § 1983 claims or assist his attorney without his personal laptop.  (Reply ¶ 21.) Plaintiff contends that his access to the courts will be hampered, restricted, or denied.  (Mot. 4:11-20.)  Defendants contend that his injuries are speculative and that he has not demonstrated any constitutional violation.  (Opp'n 5:14-6:16.)

Plaintiff fails to demonstrate how deprivation of his personal laptop would irreparably harm his abilities to litigate various cases or defend himself in his SVP hearing.  Plaintiff provides insufficient evidence to support his claim that his access to the courts will be hampered, restricted, or denied.  As stated previously, it is unclear if Plaintiff's laptop will be confiscated. Even if it is, Plaintiff has not demonstrated how he will be denied access to the courts without his

---

[5] Plaintiff also contends that the state created a property interest when it granted Plaintiff and other civil detainees the right to own laptops, and Plaintiff did not engage in any activity that would violate DMH's previous administrative directives. (Doc. 26, Addendum to Reply 2-3.)  The Court need not reach this argument, as Plaintiff lacks standing and the matter is not yet ripe for adjudication.

laptop. Plaintiff contends in reply that there are typewriters available, but he would only have limited access. (Reply ¶ 22.) Limited access to writing equipment does not result in *irreparable* injury. For example, if he needed more time to write motions or other documents in his various actions, Plaintiff could request an extension of time. Plaintiff has failed to demonstrate that the deprivation of his personal laptop would result in irreparable harm to Plaintiff.

### 3.    Balance of Equities And Public Interest

Defendants contend that the purpose of the regulation is to prevent the abuse of computers for use on pornographic sites, and the transmittal of illegal materials and contraband. (Opp'n 3:10-12.) The Court finds these concerns to be valid interests regarding security and safety. Thus, the balance of equities and public interest weigh in favor of denying Plaintiff's motion for preliminary injunction.

## III.    Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a preliminary injunction, filed March 8, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2010**          /s/ **Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE